## Case No. 14,975.

### UNITED STATES v. DODGE.

[2 Gall. 313.] [1]

Circuit Court, D. Massachusetts.   Oct. Term, 1814.

#### CONTEMPT—PURGING—PERJURY.

If the party purge himself on oath, the court will not hear collateral evidence for the purpose of impeaching his testimony, and proceeding against him for the contempt. But if perjury

[1] [Reported by John Gallison, Esq.]

appear, the party will be recognised to answer, &c.

[Cited in Re Pitman, Case No. 11,184; Re May, 1 Fed. 743; U. S. v. Anon., 21 Fed. 768.]

[Disapproved in Re Bates, 55 N. H. 327. Cited in Burke v. State, 47 Ind. 531; Fishback v. State, 131 Ind. 318, 31 N. E. 86; State v. Earl, 41 Ind. 465. Disapproved in State v. Matthews, 37 N. H. 456.]

This was a process of attachment against the respondent for a contempt in forcibly rescuing T. P. Shaw, a prisoner in the custody of the marshal, under an indictment for treason.

G. Blake, for the United States.
L. Saltonstall, for respondent.

PER CURIAM. We cannot receive any collateral evidence as to the offence, but if the respondent, by his affidavit, and answers on oath to interrogatories proposed by the district attorney, discharges himself of the contempt, no further proceedings can be had against him on the attachment. If, from any collateral evidence, it should appear, that there is reason to believe the respondent has perjured himself, we will recognise him to answer, at the next term of the court, to such matters as may be found against him. See, as to contempts and practice thereon, Vin. Abr. "Contempts," A, B; Prac. Reg. 99, 100; Gilb. Com. Pl. 20, 21; 12 Mod. 511; Mod. Cas. 73; Com. Dig. "Chancery," D, 3; Salk. 321; 4 Bl. Comm. 283; Rex v. Horsley, 5 Term R. 362; 3 Hawk. P. C. bk. 2, c. 22, §§ 1, 32–34; 1 W. Bl. 640; Wyatt's Reg. 138; 2 Burrows, 796; Doug. 516; Bac. Abr. "Attachment," B.

The respondent was discharged.