## STATE v. MATTHEWS.

The authority to punish contempt is a necessary incident, inherent in the organization of all legislative bodies, and all courts of law or equity.

If the contempt be committed in the presence of the court, the offender may be ordered into custody without any warrant or written order; otherwise an attachment—the sole object of which is to bring the offender into court—may issue.

State *v.* Matthews.

An attachment may issue in the first instance, or an order be made for the respondent to appear and shew cause why one should not issue.

An attachment may generally be served by taking bail or a bond for the appearance of the respondent. When issued to enforce an appearance or an answer, or for not paying costs, or obeying an order or decree, the respondent should be brought into court.

Attachments, to enforce an appearance or answer, should specify, or have endorsed thereon, the name of the suit and the object of the process. Those issued for contempt in disobeying an injunction need contain no such specification or endorsement.

A proceeding for contempt is an independent matter, requiring distinct notices of proceedings to be given; and, after an attachment issues, it is regarded as a criminal prosecution.

The respondent may submit his contempt to the court upon his own answer in the form of an affidavit, or he may demand of the prosecutor to file interrogatories for him to answer. The usual course, when the alleged misconduct is denied, is for the court to allow the prosecutor to file interrogatories in court, or before a master or commissioner, intended to elicit a full statement of the facts and circumstances of the alleged contempt. The respondent's answer to these interrogatories, with such other testimony as the prosecutor and respondent may desire, are taken and reported to the court, who determine from the whole evidence the guilt or innocence of the accused.

Interrogatories may be amended, or additional ones filed, for the purpose of explaining an ambiguity, or eliciting a fuller answer.

The court determine the question of contempt. The respondent is not entitled to a trial by jury.

ATTACHMENT FOR CONTEMPT. On the 26th day of March, 1858, Mary U. P. Matthews filed in the office of the clerk of this court her petition to be divorced from the respondent, on the ground of his extreme cruelty towards her, and conduct on his part whereby her health and reason had been injured and endangered, and asking for alimony out of his personal and real estate. On the same day she applied to a single judge, and obtained from him an injunction to prohibit the respondent's conveying or disposing of his real and personal property during the pendency of the libel. An application was afterwards made to the same judge, and an injunction obtained to

prevent the respondent's interference with the person or personal liberty of his wife during the pendency of the suit for divorce. On the 18th day of May, 1858, upon application therefor, and strong evidence from the petitioner and others that the respondent had interfered with the person of his wife, and restrained her of her liberty, in violation of the command of the latter injunction, an attachment issued against the respondent, returnable at the June term, 1858, at Manchester. This was duly served, and a bond for the appearance of the respondent to abide the order of court taken by the officer. The respondent appeared and was ordered to appear from day to day during the session, and abide the further order of court, until at length he was ordered to appear at the adjourned term to be holden at Manchester on the 5th day of August, 1858, and there abide and perform such further order as might be made in the premises. The respondent neglecting to appear at the time and place thus appointed, both he and his sureties were defaulted, and the bond declared forfeited; with an understanding, that if the respondent should appear at the present term and abide the order of court, the forfeiture might be stricken off. At the present term, it appearing that the respondent was confined in the jail of this county under an order of commitment from a magistrate, upon the application of his sureties in the bond declared forfeited at the adjourned term in August, a writ of *habeas corpus* issued, upon which he was brought into court, and formally surrendered into the custody of the sheriff, by whom he was again returned to jail, under an order for his commitment on the charge for contempt.

At the June term, 1858, a commissioner had been appointed to take the respondent's answers to such interrogatories as might be filed by the prosecutor, and such testimony as either party might desire to lay before the court on the question of contempt in violating the injunction;

State *v.* Matthews.

but, owing to some uncertainty or misunderstanding as to the proper course to be pursued, no progress was made. At the present term the counsel for the parties, desiring some instructions as to the proper course to be pursued in the further management of the case, the following suggestions were made by the court.

*H. B. Leavitt*, for the State.

*S. W. Clark*, and *Morrison & Stanley*, for the respondent.

FOWLER, J. The authority to punish contempt is a necessary incident, inherent in the very organization of all legislative bodies, and of all courts of law or equity, independent of statute provisions. *Anderson* v. *Dunn*, 6 Wheaton 204; *Maurice* v. *Dyer*, 2 Greenl. 165; *Yates* v. *Lansing*, 9 Johns. 305; 6 Johns. 337; 4 Johns. 317; 1 Burr's Trial 352; *United States* v. *Hudson*, 7 Cranch 32; 1 Kent's Com. 300, n. b; *United States* v. *New-Bedford Bridge*, 1 W. & M. 401; exparte *Adams*, 25 Miss. 883; *Tenney's Case*, 23 N. H. (3 Foster) 162; *State* v. *Copp*, 15 N. H. 212.

If the contempt be committed in the presence of the court, the offending party may be ordered into custody, without any warrant or written order first made out. *State* v. *Copp*, 15 N. H. 212; 8 Conn. 379. But in such case some record of the offence and of the arrest should immediately be made.

If the contempt be committed elsewhere than in the presence of the court, the process for bringing the offender before them for punishment is called an attachment, which must be as ancient as the administration of the law. This process has no other object than to bring the offender into court. *Jackson* v. *Smith*, 5 Johns. 117; *Commonwealth* v. *Dandridge*, 2 Virginia Cases 408; 4 Black. Com. 286; *Tenney's Case*, 23 N. H. (3 Foster) 162.

An attachment may issue in the first instance, or an order may be made for the respondent to appear and show cause why an attachment should not issue against him. If he appear upon an order to show cause, and admit the contempt, or submit to answer interrogatories instead of moving to discharge the rule, there is no necessity for an attachment. If he do not appear, or refuse to submit to interrogatories, an attachment may issue, if the court or judge think proper to order one. *Commonwealth* v. *Dandridge*, 2 Virg. Cases 408; *Jackson* v. *Smith*, 5 Johns. 117; *Thomas* v. *Comins*, 1 Yates 1; *Matter of Smethurst*, 2 Landf. Ch. 724; *Gates* v. *McDaniel*, 8 Porter 356.

In the service of an attachment for contempt, the officer may generally take bail or a bond for the appearance of the respondent at the return day, and to abide the order of court. Where the attachment is issued to enforce an appearance or answer, or for not paying costs, or not obeying an order or decree, the respondent is to be brought into court by the officer. *People* v. *Tefft*, 3 Cowen 340; *Morris* v. *Marcy*, 4 Ham. 83; 1 Daniell's Ch. Pl. and Prac. 527.

Where an attachment is issued to enforce an appearance or an answer, it should specify the suit in which it issued, and the object of the process; or, if the body of the writ be general, the name of the suit and the cause of attachment should be indorsed upon it, so that the respondent may at once comply without application to the court; but when it is issued for contempt in disobeying an injunction, no specification or indorsement setting forth the cause of the proceeding is necessary. *Matter of Vanderbilt*, 4 Johns. Ch. 57.

A proceeding for contempt is a distinct and independent matter, as much so as a new suit, and requires distinct notices of proceedings to be given. After an attachment issues, the proceedings are to be regarded and entitled as of a criminal character. Exparte *Langdon*, 25 Vt. 680;

State *v.* Matthews.

*United States* v. *Wayne,* Wallace 134; *Tenney's Case,* 23 N. H. (3 Foster) 162.

After the respondent appears upon a rule to show cause, or is brought up on attachment, he may submit his contempt to the court upon his own answer in the form of an affidavit, or he may demand of the prosecutor to file interrogatories for him to answer. The usual course when the alleged misconduct is denied, is for the court to allow the prosecutor to file interrogatories intended to elicit a full statement of all the facts and circumstances of the alleged contempt. These may be filed in court, and the respondent's answers thereto taken by the clerk and reported by him to the court, who may proceed in a summary manner to decide the question of the guilt of the accused; or, a master or commissioner may be appointed, before whom the interrogatories may be filed, and who will take down and report to the court the respondent's answers thereto, with such other testimony as either the respondent or the prosecutor may desire to have taken. *Heming* v. *Tyler,* 1 Johns. Cases 31; *People* v. *Brown,* 6 Cowen 41; *People* v. *Ball,* 5 Cowen 415; *Hollingworth* v. *Dame,* Wallace 78.

Interrogatories may be amended for the purpose of explaining an ambiguity or calling out a fuller answer, and additional ones may be filed. 1 Johns. Ch. 31; 6 Cowen 41.

The respondent is not confined to his own answers to the interrogatories exhibited to him, but may examine witnesses, to exculpate himself. *Magennis* v. *Parkhurst,* 3 Green's Ch. 433.

The charge of contempt must be made out to the satisfaction of the court, and if it be not done by the answers of the respondent, the prosecutor may bring witnesses to support it, in addition to the testimony on which the attachment or order to shew cause issued. The master or commissioner reports the proofs, and not his opinion of them. *Albany City Bank* v. *Schermerhorn,* 9 Paige's Ch. 372.

State *v.* Matthews.

If the party accused do not appear at the day appointed, or such other day as may be afterwards designated for the purpose, or if he appears and does not deny the alleged misconduct, the court will at once proceed to make a final decision; and if they find the accused to have been guilty of the contempt charged, to award the proper punishment. The respondent is not entitled, under the constitution, to a trial by jury. *Albany City Bank* v. *Schermerhorn,* 9 Paige's Ch. 372; *Neel* v. *State,* 4 Eng. 259.

The sworn answers of the respondent are evidence in his favor, and to be considered and weighed with the other evidence in the case. *Matter of Pitman,* 1 Curtis' Circuit Ct. 186.

In some jurisdictions it seems to have been holden, that if the respondent, by his affidavit and answers to interrogatories, discharge himself of the contempt, no further proceedings can be had against him upon the attachment, and no proofs can be introduced by the prosecutor in opposition thereto; but that if perjury be apparent, he may be recognized to answer for that offence. *United States* v. *Dodge,* 2 Gallison 313; *Murdock's Case,* 2 Bland 461.

The better and more sensible rule, however, is apprehended to be, in accordance with the practice in this State, that proofs upon both sides, including the answers of the respondent himself, are taken, and the court thereupon determine, from a consideration of the whole evidence, the guilt or innocence of the accused.