## BATES'S CASE.

*Contempt of Court—Evidence.*

In general, proceedings for a contempt of court, not committed in the presence of the court, ought to be substantially according to the course of practice in criminal trials; and so, where evidence is introduced in such case beyond the answers of the respondent, it ought generally to be such as would be admissible on the trial of an indictment for the same offence.

An ATTACHMENT was issued against Rudolph Bates for contempt of court, in advising and procuring one Ellen P. Cheney to absent herself from attendance upon said court at said term, she having been duly summoned to attend and testify upon the trial of an indictment pending against one Henry J. Colby.

The respondent submitted to interrogatories, and claimed that the question of whether or not he was guilty of contempt should be determined by considering his answers alone to such interrogatories.    The solicitor claimed that the *ex parte* affidavit of Mary Angell, filed in court, on which the motion for the attachment was grounded, and the answers of the said Ellen P. Cheney to interrogatories proposed to her for contempt in not obeying said subpœna, should also be considered.    The affidavit of said Angell was taken by the solicitor, and the examination of said Cheney was before a commissioner appointed by the court.    The solicitor offered to produce said Angell and Cheney before the commissioner appointed by the court to take the answers of the respondent at the expense of the county, and to allow the respondent to put cross-interrogatories to said Angell and Cheney.

The court, SMITH, J., ruled *pro forma* that the affidavit of said Angell and the examination of said Cheney were admissible; and the respondent excepted.

The questions raised in the foregoing case, including any question of discretion, were transferred to the superior court of judicature for determination.

*Edes,* solicitor, for the state.

*Burke,* for the defendant.

*LADD, J.    All questions of discretion are referred, by the judge who ordered the attachment, to this court for determination; and upon the facts stated, I cannot doubt that the claim of the solicitor, with respect to the *ex parte* affidavit of Mary Angell, and the answers of Ellen P. Cheney in the matter of her own contempt, was inadmissible, and the *pro forma* ruling of the court receiving that evidence, wrong.

*SMITH, J., having tried this cause, did not sit.

After an attachment issues, the proceedings for a contempt are to be regarded and entitled as of a criminal character. *State v. Matthews*, 37 N. H. 454. Where the contempt charged is not committed in the presence of the court,—and especially where it is of so grave a nature as the advising and procuring of a witness in a criminal prosecution to absent herself from court in disobedience to a summons duly issued and served, thus directly obstructing the administration of the criminal justice of the state,—if evidence beyond the examination of the defendant is gone into, I think only such evidence should, in general, be received as would be admissible on the trial of an indictment for the same offence. Indeed, I see no reason why the general course of the trial before the judge should not conform in substantial respects to the trial of an indictment before a jury, and be governed by the same rules.

We need not inquire how far the mode of procedure may be within the discretion of the court, as no such question is presented by the case; but it seems to me the safe course is that dictated by the analogies of the law governing criminal trials, and that the court should be cautious of sanctioning any material departure from that course.

CUSHING, C. J., concurred.

FOSTER, C. J., C. C. The authority to punish for contempt is necessarily implied in the establishment of a judicial tribunal. 1 Bishop Cr. Law, sec. 186.

The proceeding is in all cases summary before the judge, without the intervention of a jury. 2 Bishop Cr. Law, sec. 255; *State v. Matthews*, 37 N. H. 456.

The procedure is various in different jurisdictions; and I apprehend that the discretion of the court is very broad, and will seldom be revised upon writ of error or appeal, so essential is it to the maintenance of the dignity of the court and the supremacy of the law that the offence should be punished summarily and with little delay. It has therefore been held by the United States circuit court, that even in courts not of record, nor having a general power to impose fine or imprisonment, a contempt committed *in facie curiae* may be punished *instanter*. *Hollingsworth* v. *Duane*, Wall. C. C. 51. And probably the customary procedure in such cases is, as in the state of Maine, to punish summarily, after such hearing as the presiding judge may deem just and necessary. *Androscoggin &c. R. R. Co.* v. *Androscoggin R. R. Co.*, 49 Me. 392.

If the offence was not committed in the presence of the court, the general practice seems to be to issue an attachment, or an order to show cause why an attachment should not issue, and this proceeding should be founded upon affidavits furnished to the court. *Re Judson*, 3 Blatch. 148. The object of the attachment is merely to bring the offender into court. *State* v. *Matthews*, before cited.

When the respondent appears, the case is ordinarily governed by the

analogies of criminal procedure; and although the respondent will be allowed to make his own answer, and also to demand that the prosecutor should file interrogatories, still, under the established practice in this state he will not be allowed to discharge himself merely upon his own answers (thus affording the court and the prosecutor no redress except by process of indictment for perjury—see *United States* v. *Dodge,* 2 Gall. 313); but proofs upon both sides may be taken, and the court will thereupon determine, from a consideration of the whole evidence, the guilt or innocence of the accused. *State* v. *Matthews,* before cited.

It seems to be more appropriate, and at the same time safe enough for the protection of the court, to adhere as closely as possible to the plan and method of criminal procedure, except in the matter of a jury trial. The attachment should be substantially like an indictment, at least to the extent of giving the respondent sufficient information concerning the nature and the particulars of the offence charged; and the rules of evidence and the presumptions of law applied in criminal cases should be observed.

In the case before us, I am therefore of the opinion that the respondent could not be permitted to purge himself of the alleged contempt upon his answers alone to interrogatories; but, also, that the affidavit of Mary Angell and the record of the examination of Ellen P. Cheney were inadmissible.

The respondent's

*Exceptions must be sustained.*