ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 12, 2014

Mr. Paul L. Foster                                  Opinion No. GA-1057
Chair
U.T. System Board of Regents                        Re: Authority of a committee of the Legislature
201 West Seventh Street, Suite 820                  that is investigating a contemplated impeachment
Austin, Texas 78701-2981                            to punish for contempt   (RQ-1163-GA)

Dear Mr. Foster:

You ask several related questions about the contempt powers of a committee of the
Legislature investigating a contemplated impeachment.[1]  Your questions implicate the
separation-of-powers, legislative contempt, and impeachment provisions of the Texas
Constitution, which we briefly review for context.  We first consider article II, section 1 of the
Texas Constitution, which provides for the separation of powers of state government:

> The powers of the Government of the State of Texas shall be
> divided into three distinct departments, each of which shall be
> confided to a separate body of magistracy, to wit: Those which are
> Legislative to one; those which are Executive to another, and those
> which are Judicial to another; and no person, or collection of
> persons, being of one of these departments, shall exercise any
> power properly attached to either of the others, except in the
> instances herein expressly permitted.

TEX. CONST. art. II, § 1.  In the 1911 case of *Ex parte Wolters*, the Court of Criminal Appeals
determined that the Legislature does not have inherent contempt powers because contempt is a
judicial power.  144 S.W. 531, 585 (Tex. Crim. App. 1911) (orig. proceeding).  The court held
that "[i]n exercising judicial powers [such as contempt], the legislative department must look to
the Constitution for permission so to do, and, if it is not found therein, it is prohibited from
exercising that power." *Id.*  A more commonly accepted view is that a legislature's authority to
enforce subpoenas and maintain order using contempt powers is an inherent power of a
sovereign legislative body rather than a power "properly attached" exclusively to the judicial
branch. *See, e.g., Groppi v. Leslie*, 404 U.S. 496, 500 (1972) ("Legislatures . . . possess inherent

---

[1]*See* Letter and Brief from Mr. Paul L. Foster, Chair, U.T. Sys. Bd. of Regents, to Honorable Greg Abbott,
Tex. Att'y Gen. at 1–2 (Nov. 11, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter" & "Brief")
(Brief on file with the Op. Comm.).

power to protect their own processes and existence by way of contempt proceedings."); *State ex rel. Beck v. Frontier Airlines, Inc.*, 116 N.W.2d 281, 285 (Neb. 1962) (stating that contempt powers are "inherent in the very organization of all legislative bodies") (quoting *State v. Matthews*, 37 N.H. 450 (1859)). Under this view, legislative contempt raises no separation-of-powers concerns. Nevertheless, in light of *Ex parte Wolters*, the Texas Legislature's authority to hold persons in contempt arguably must be based on an express constitutional provision. *See* TEX. CONST. art. II, § 1.

One such express constitutional provision authorizing legislative contempt powers is article III, section 15 of the Texas Constitution:

> Each House may punish, by imprisonment, during its sessions, any person not a member, for disrespectful or disorderly conduct in its presence, or for obstructing any of its proceedings; provided, such imprisonment shall not, at any one time, exceed forty-eight hours.

TEX. CONST. art. III, § 15. The Court of Criminal Appeals has determined that article III, section 15 is both a grant of contempt authority to the Legislature and a limitation on that authority. *See Ex Parte Youngblood*, 251 S.W. 509, 511–12 (Tex. Crim. App. 1923). The court in *Youngblood* observed that a person's actions "done in disobedience of a committee which impede[] or obstruct[] the proper discharge of the functions of the committee" may constitute obstruction under article III, section 15. *Id.* at 512. But, because article III, section 15 gives the power to punish to each House of the Legislature only as a body, the power to impose punishment for contempt "could not be exerted by a committee." *Id.*

Article XV of the Texas Constitution vests in the House of Representatives and the Senate the power to impeach and remove officers. *See Walker v. Baker*, 196 S.W.2d 324, 329–30 (Tex. 1946). Article XV gives each legislative body "separate plenary power and jurisdiction in relation to matters of impeachment: The House the power to 'impeach,' that is, to prefer charges; the Senate the power to 'try' those charges." *Ferguson v. Maddox*, 263 S.W. 888, 890 (Tex. 1924).

Instead of expressly detailing impeachment powers, article XV, section 7 authorizes the Legislature to "provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution." TEX. CONST. art. XV, § 7. The Legislature has provided laws for the impeachment of state officials in chapter 665 of the Government Code, including "a member, regent, trustee, or commissioner having control or management of a state institution or enterprise." TEX. GOV'T CODE ANN. § 665.002(3) (West 2012); *see generally id.* §§ 665.001–.081. Under chapter 665, an "impeachment proceeding" is defined to include "investigating a matter relating to a contemplated impeachment." *Id.* § 665.001(2). Section 665.005 sets forth the powers of the House of Representatives and its committees during an impeachment proceeding:

> When conducting an impeachment proceeding, the house or *a house committee* may:
>
> (1) send for persons or papers;

(2) compel the giving of testimony; and

(3) punish for contempt to the same extent as a district court of this state.

*Id.* § 665.005 (emphasis added). Thus, pursuant to article XV, section 7, the Legislature has enacted a statute that permits a committee of the House of Representatives to punish for contempt in the course of impeachment proceedings.

Having provided this background, we turn to your questions. In your first two questions you ask if a committee investigating a contemplated impeachment may "hold or punish a person for contempt under Section 665.005" of the Government Code "'to the same extent as a district court" without violating Article II, Section 1 or Article III, Section 15 of the Texas Constitution." Request Letter at 1. You argue that article III, section 15 is the sole source of contempt authority possessed by either legislative body and that this provision does not vest contempt powers in legislative committees; consequently, you argue, to the extent that section 665.005 of the Government Code gives the judicial power of contempt to a legislative committee, it violates the separation of powers provisions of article II, section 1. Brief at 3–7.

In answering your questions, we will assume solely for the sake of argument that the Legislature lacks inherent contempt authority and that any exercise of such authority by the legislative branch not expressly authorized by the Texas Constitution would violate the separation of powers. Article II, section 1 of the Texas Constitution states the general rule that legislative, executive, and judicial powers must be exercised solely by their respective departments of government. That general rule does not apply, however, when another provision of the Constitution allows a department to exercise a power "properly attached" to a different department. TEX. CONST. art. II, § 1. Article XV of the Texas Constitution grants the houses of the Legislature authority to conduct impeachment proceedings. *Id.* art. XV, §§ 1–9. Further, article XV, section 7 authorizes the Legislature to establish the law for certain impeachment proceedings. *Id.* art. XV, § 7; TEX. GOV'T CODE ANN. § 665.002(3) (West 2012). Pursuant to its constitutional powers found in article XV, section 7, the Legislature promulgated section 665.005 of the Government Code, which authorizes a committee in impeachment proceedings to exercise the power of contempt. TEX. GOV'T CODE ANN. § 665.005(3) (West 2012). While it is a question of first impression, a court would likely conclude that article XV, section 7 of the Texas Constitution and section 665.005 of the Government Code together amount to a constitutional authorization for a committee of the House of Representatives to exercise contempt powers. Because this constitutional authority exists apart from article II, section 1, it may be exercised without raising separation-of-powers concerns.

We turn now to article III, section 15 of the Texas Constitution. The text of this provision expressly authorizes the Legislature to punish interference with legislative proceedings. While article III, section 15 does not expressly address committees, it also does not deny a committee of the House of Representatives the ability to enforce its impeachment authority under article XV, section 7 by contempt. The opinion in *Ex parte Youngblood* is not to the contrary, even though the court determined that the power to punish for contempt is not inherent in the Legislature. The court in *Youngblood* stated that courts "'must look alone to

section 15 of article [III] to judge if permission is given the legislative department of the government to exercise this judicial power *in cases of this character*.'" *Ex Parte Youngblood*, 251 S.W. at 511 (quoting *Ex parte Wolters*, 144 S.W. at 585 (emphasis added)). The court considered only the Legislature's contempt authority under article III, section 15 to punish disrespect, disorderly conduct, and obstruction of legislative proceedings, not whether a committee may utilize contempt powers in aid of its impeachment authority under article XV, section 7.

A court considering article III, section 15 and article XV, section 7 will attempt to harmonize the constitutional provisions. *See Oakley v. State*, 830 S.W.2d 107, 110 (Tex. Crim. App. 1992). "No part of the Constitution should be given a construction which is repugnant to express authority contained in another part, if it is possible to harmonize the provisions by any reasonable construction." *Id.* A court is not likely to conclude that the contempt authority granted in article III, section 15, of the Texas Constitution impliedly restricts the power of the Legislature to establish impeachment procedures under article XV, section 7, including the power of contempt in aide of an impeachment investigation by a committee. A legislative committee's authority under section 665.005 of the Government Code does not conflict with article III, section 15. Each may be given full effect without frustrating the operation of the other. *See Lawson v. State*, 283 S.W.3d 438, 440 (Tex. App.—Fort Worth 2009, pet ref'd) (stating that a "statute must be upheld if a reasonable construction can be ascertained that will render the statute constitutional and carry out the legislative intent"). Consequently, to answer your first two questions, a court would likely conclude that a committee of the House of Representatives acting pursuant to section 665.005 of the Government Code does not violate article II, section 1 or article III, section 15 of the Texas Constitution.

Your third question is whether "[s]ection 665.005 [of the Government Code] is the exclusive source of a committee's power to hold and punish persons for contempt" when the committee is investigating a contemplated impeachment, or whether "such a committee [may] exercise powers and authority under Sections 301.026 and 301.027 of the Government Code." Request Letter at 1. Sections 301.026 and 301.027 are contained in the Legislative Reorganization Act of 1961. TEX. GOV'T CODE ANN. §§ 301.011–.034 (West 2013) (subchapter B, the Legislative Reorganization Act of 1961) (the "Act"). The purpose of the Act is "to authorize legislative committees and other legislative instrumentalities to work and meet their responsibilities regardless of whether the legislature is in session." *Id.* § 301.012. The Act authorizes the formation of general investigating committees, and "[i]f a person disobeys a subpoena or other process that a general investigating committee lawfully issues, the committee may cite the person for contempt and cause the person to be prosecuted for contempt according to the procedure prescribed by this chapter or by other law." *Id.* § 301.020(c). A person who fails to appear, testify, or produce papers as summoned may commit the offense of contempt. *Id.* §§ 301.020(c), .024–.026. If the failure occurs while the Legislature is in session, the failure may be reported to either house. *Id.* § 301.027(a). If the Legislature is not in session, however, the failure may be reported to the President of the Senate or Speaker of the House, who in turn certifies the statement of facts to the Travis County District Attorney for presentment to a grand jury. *Id.* § 301.027(a)–(c). Sections 301.026 and 301.027 do not contain an exception for an investigation of a contemplated impeachment. Courts do not "engraft exceptions" on statutes by implication when not warranted by existing text. *Spears v. City of San Antonio*, 223 S.W. 166, 169 (Tex. 1920). Accordingly, a committee of the Legislature investigating a contemplated

impeachment may exercise authority under sections 301.026 and 301.027 of the Government Code to the extent it otherwise acts consistently with chapter 301, subchapter B of the Government Code.[2]

We do not address your fourth question, which is contingent on a conclusion that section 665.005 is the exclusive source of contempt authority for a committee investigating a contemplated impeachment. Your fifth question is whether, should a committee proceeding under chapter 665 of the Government Code find an attorney in contempt and impose punishment, the attorney would be entitled to be released on his own recognizance and afforded a hearing pursuant to section 21.002(d) of the Texas Government Code. Request Letter at 2. Section 21.002(d) provides:

> An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence.

TEX. GOV'T CODE ANN. § 21.002(d) (West 2004). No judicial opinion of which we are aware has considered section 21.002(d)'s application to the contempt powers of a legislative body. By its plain terms, section 21.002(d) limits the authority of a trial court to punish contempt by confinement. *Id.* § 21.002(d). A court would likely construe section 665.005(c)'s grant of authority to punish contempt "to the same extent as a district court" as carrying with it any limitations on a district court's contempt authority. *Id.* § 665.005(c) (West 2012). Section 21.002(d) is one such limitation. Thus, a person who would be entitled to be released on his own recognizance and afforded a hearing if held in contempt by a trial court should enjoy the same protections if held in contempt by a legislative committee.

Finally, we note that in addition to any statutory limitations, the United States and Texas Constitutions limit contempt power whether exercised by the courts or by legislative bodies. *See Groppi*, 404 U.S. at 499–502 (noting constitutional limitations on the exercise of contempt authority by Congress and state legislative bodies; holding that a state's particular contempt orders violated Due Process). As one judge has observed, a court's contempt power is subject to constitutional "protection[s] of the Due Process and Due Course of Law clauses, the Equal Protection Clause and the Texas Equal Rights Amendment, the double jeopardy clauses, and the constitutional prohibitions on excessive fines and cruel and unusual punishments." *In re Dotson*, 76 S.W.3d 393, 405 (Tex. Crim. App. 2002) (orig. proceeding) (Keller, J., dissenting) (footnotes omitted); *cf. In re McCann*, 2013 WL 6081455, *5 (Tex. Crim. App. 2013) (holding that a trial court does not have the authority to hold an attorney in contempt for failing to turn over client's files in violation of his fiduciary duty). Such constitutional protections apply equally to any actions taken by the Legislature. In order to vindicate these protections, a court could validly

---

[2]Because section 301.027 of the Government Code does not authorize a legislative committee to punish an act of contempt, instead requiring the committee to refer the matter to the Legislature when it is in session or to a judicial officer when the Legislature is not in session, the statute is consistent with the court's holdings in *Ex Parte Youngblood*, 251 S.W. at 512.

subject a contempt order of a legislative body to judicial review of the order's legality.  *See, e.g., Ex Parte Youngblood*, 251 S.W. at 511–12 (granting habeas corpus relief to relator held in contempt by order of a legislative committee).

## S U M M A R Y

A court would likely conclude that a committee of the House of Representatives acting in a judicial capacity pursuant to article XV, section 7 of the Texas Constitution and section 665.005 of the Government Code does not violate article II, section 1 or article III, section 15 of the Texas Constitution. Such a committee may exercise authority under sections 301.026 and 301.027 of the Government Code to the extent doing so is otherwise consistent with chapter 301, subchapter B. A court would likely conclude that an attorney held in contempt under section 665.005 of the Government Code is entitled to the protections of section 21.002(d) of the Government Code. Any contempt powers exercised by the Legislature are limited by constitutional protections contained in the United States and Texas Constitutions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee