IN THE MATTER OF GREENE COUNTY, Defendant in Error, *v.* KINDRED ROSE, Plaintiff in Error.

1. *Administration—Courts—Guardians.*—The courts having probate jurisdiction have no authority to impose a fine upon a guardian or administrator for failing to make settlement when cited so to do. The proper course, after citation and refusal or neglect, is by attachment and imprisonment, after rule to show cause why they should not be proceeded against.

2. *Courts—Jurisdiction—Contempts.*—A court of record has authority to punish summarily contempts committed in its immediate presence, but in other cases the offender must be notified and have a reasonable time to make his defence.

*Error to Greene Probate and Common Pleas.*

*E. B. Ewing,* for plaintiff in error.

I. The court had no power or right to impose a fine at all. The penalty for refusing to make settlement as curator, after citation, is imprisonment, and this only after a rule to show cause—R. C. 1855, p. 1828, tit. " Guardians and Curators." There could be no punishment for contempt, by imprisonment or fine, without a rule to show cause.

II. If the court had power to punish plaintiff for disobedience of the citation as for a criminal contempt, it could do so only where such disobedience was wilful, and upon notice to the party of the accusation, and opportunity to make his defence ; and if guilty, the fine can in no case exceed fifty dollars—R. C. 1855, p. 542, §§ 65–7.

III. The revocation of the appointment, like the imposition of the fine, was without authority and illegal—R. C. 1855, p. 830, § 39 ; id. p. 121, § 49.

IV. A writ of error lies directly to this court from the Probate and Common Pleas Court of Greene county—Local Acts 1855, pp. 58-9, § 16.

WAGNER, Judge, delivered the opinion of the court.

The Probate and Common Pleas Court of Greene county issued a notice to Kindred Rose, who was curator of the estate of Richard F. Rose, to appear and make settlement: he failed to comply, and the court imposed on him a fine of one hundred dollars for contempt, and issued execution therefor. Afterwards he appeared and moved the court to set aside the judgment and stay the execution, which motion was by the court overruled, and he sued out his writ of error. The court clearly exceeded its powers, and its judgment must be reversed.

The statute in regard to guardians and curators provides that if they refuse or neglect to make settlements as required by law, they shall be attached and imprisoned until they make such settlements, the court first making a rule on them, respectively, to show cause why they should not be proceeded against—R. C. 1855, p. 828, § 31. This statute points out a sufficient remedy, and it would seem the only remedy, against guardians and curators for a neglect to conform to the law, and promptly make their settlements. But, admitting that the party was in contempt, still the court went beyond its jurisdiction in assessing its fine. A court of record has power to punish, as for a criminal contempt, either by fine or imprisonment, persons who are guilty of disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due its authority ; or who commit any breach of the peace, or cause noise or other disturbance directly tending to interrupt its proceedings; or who are guilty of any wilful disobedience of any process or order lawfully issued or made by it—R. C. 1855, p. 542, § 65. When the contempt is committed in the immediate view and presence of the court, it may be punished

summarily ; in all other cases, the party charged must be notified of the accusation, and have a reasonable time to make his defence—id. 67.

The contempt here alleged was not committed in the immediate view and presence of the court, and the court possessed no power or authority to inflict a fine without notifying the party and giving him a reasonable time to make his defence.

Reversed and remanded. Judge Holmes concurs ; Judge Lovelace absent.