DETERMINED IN

# THE SUPREME COURT

OF

## WYOMING TERRITORY.

### MARCH TERM, 1874.

---

### WILSON v. THE TERRITORY OF WYOMING.

PRACTICE—CONTEMPT.—In proceedings against a party for constructive contempt an attachment warrant or alternative order to show cause against the person of the defendant cannot be issued until the proper affidavit has been filed to give the court jurisdiction.

IDEM.—Where an attachment was issued without such affidavit: *Held*, that it was an error which could not be cured by the subsequent filing of an affidavit.

ERROR to the District Court for Laramie County.

The opinion contains a sufficient statement of the case.

*Thos. J. Street* and *Jason B. Brown*, for plaintiff in error.

*W. W. Corlett*, for defendant in error.

By the Court, THOMAS, J.  This case was brought to this court upon a writ of error from the first district court, in which said court the plaintiff in error herein had been found guilty of a (constructive) contempt of court, and was sentenced to pay a fine of five hundred dollars, and to stand committed until the same was paid.  It appears from the

record in the case that the judge of said district court, on the eleventh day of April, 1873, at the city of Cheyenne, ordered an attachment to issue against the body of said Posey S. Wilson, for the purpose of bringing him before said court to show cause why he should not be punished for a contempt, consisting, as it was subsequently alleged, of writing from Cheyenne, Wyoming, to the Omaha Herald, a newspaper published at Omaha, in the state of Nebraska, certain articles reflecting upon the first district court aforesaid, and upon the judge thereof.

It is further shown by the record, that at the time such order of attachment was made there were no affidavits nor other evidence whatever before the court showing that a contempt had been committed by the plaintiff in error, and that although an affidavit of the judge of said court was subsequently filed in the case, yet the process was neither amended nor a new attachment issued upon such affidavit.

It is further shown that said Wilson was convicted of contempt upon his own answers, and that no other testimony except the affidavit above mentioned was introduced against him. Without entering upon the question of contempt in this case, and without extenuating or justifying in the slightest degree the very reprehensible conduct, to say the least, of the plaintiff in error, and without considering some other irregularities that appear upon the record, we are of the opinion that an error was committed by the district court at the very commencement of the proceedings, which renders it necessary to set aside the judgment thereof. This consisted in issuing the process of attachment without any valid evidence whatever before the court upon which to found such a proceeding, and although an affidavit made by the judge was subsequently filed, it could not cure the defect. In order to have made the proceeding regular, the attachment should have been set aside and the complainant commenced *de novo* upon the affidavit then filed.

It will be understood that we intend only to apply this ruling to cases of constructive contempt. We further be-

lieve that the plaintiff in error did not waive any of his rights in these proceedings by appearance, answer or otherwise.

Therefore, upon the error mentioned, the judgment of the district court should be reversed.

Ordered accordingly.