HEARD NOVEMBER TERM, 1877.

## STATE *vs.* BLACKWELL.

It is a fatal objection to a rule to show cause why a party should not be attached for contempt for an offense not committed in the presence of the Court, that it was issued without affidavit.

Where certain acts are made an offense by statute, with a prescribed penalty, a party charged with the offense cannot be punished by rule to show cause, as for a contempt, but only by indictment.

BEFORE TOWNSEND, J., AT DARLINGTON, OCTOBER, 1875.

This case came before the Court upon the report of the presiding Judge, which is as follows:

"At the October Term, 1875, of the Court of General Sessions for Darlington County, Samuel J. Blackwell was indicted for retailing spirituous liquors without a license. During the progress of his trial, and while testifying on his own behalf, in response to a question propounded by the Solicitor on the cross-examination, he said that the evening before, after the case was commenced, he went to Pierce's bar-room, and while there gave two of the colored jurors trying his case drinks of whisky, and pointed to the two

jurors, adding that they were strangers to him. He was asked other questions relative to taking another juror to the bar-room, and instructing the clerk of Pierce to treat the members of the jury at his expense whenever they called for whisky. These he answered negatively.

"One of the witnesses for the State, in the same case, testified that he had been approached by Safety Layton, Esq., one of the attorneys of record for the defendant, Blackwell, and was requested to modify his testimony and to say that he had bought whisky for medical purposes only.

"After the case was submitted to the jury and they had retired, the information was communicated to me that Safety Layton, Esq., had said that he had been employed by S. J. Blackwell to manipulate the jury, and that he had accomplished his purpose, and there was no danger of the conviction of Blackwell.

"The admission by the defendant that he had given whisky to the jurors when he knew that they had been charged with his case, and the fact that his attorney had been engaged, according to his admission, in tampering with the witnesses for the State and manipulating the jury, induced me to issue the following rule:

"'It is ordered that Samuel J. Blackwell do show cause, on Monday, the 11th day of October instant, before me, in open Court, at 10 o'clock A. M., why he should not be attached as for a contempt of this Court in attempting to bias the opinion and influence the decision of R. F. Truett and two other jurors, who were charged with the hearing and decision of the case of the State *vs.* S. J. Blackwell, for retailing intoxicating liquors without a license, by offering and giving to them intoxicating liquors, in the town of Darlington, during the trial of said case.

"'It is ordered that a copy of this order be forthwith served upon Samuel J. Blackwell.

"'OCTOBER 9, 1875.'

"At the time appointed for the hearing of the rule, the respondent appeared by counsel. Mr. Spain interposed objections to the legality and regularity of the proceedings. It was insisted that the Judge had no jurisdiction to hear the matter, and that interrogatories should have been served upon the defendant. Other objections were also made. These were all overruled, and the Solicitor was instructed to examine a witness touching the charge contained in

the rule. Mr. Spain objected to the introduction of oral testimony. This objection was overruled.

"Miller Harrall was sworn and testified that on the evening the case against S. J. Blackwell was commenced, and after the adjournment of the Court, he went with Blackwell to Pierce's barroom; that while there several persons came in; that they drank, and others with them; that a colored man stepped up and asked for a drink, and said he was on the jury; that Blackwell said 'very well,' and called for another half pint of whisky; that Blackwell did the treating, and that the party who walked up and asked for a drink said he was on the jury.

"After the introduction of this evidence, the respondent, Blackwell, submitted a return denying that he had given liquor to a juryman knowing or suspecting him to be a juryman, and submitted certain affidavits which sustained his denial.

"After hearing argument from Mr. Spain, the attorney of S. J. Blackwell, and the Solicitor, I made the following order:

"'Upon hearing the return made in the above stated case, the testimony for and against said respondent, and the argument of counsel, it is adjudged that the said respondent, S. J. Blackwell, is in contempt of this Court by reason of the several acts charged against him in said rule. It is further ordered, adjudged and decreed that the respondent, S. J. Blackwell, as a punishment for said contempt, be confined in the County jail for one month, and also pay a fine of two hundred dollars.'"

The defendant appealed, and submitted the following grounds for the removal of his sentence:

The common course in ascertaining the fact of contempt, committed out of Court, was not observed in these particulars:

1. In adopting for such a contempt the mode applicable alone to contempts committed *in facie curiæ*.

2. The process was issued and served without any ground supported by affidavit.

3. The action was that of the Court, on its own motion, and not on the motion of the prosecuting officer, the Judge thereby overruling the discretion of the proper officer, and becoming a party to the proceeding as well as Judge.

4. No interrogatories were exhibited, though demanded, and hence there was no charge, either to be confessed or denied.

5. In taking parol testimony to sustain the statements in the process before the answer, and in reply, after it was heard.

6. In trying the case at all on evidence, instead of taking the answer as true, as it confessed nothing, and was not evasive, but direct in its denial of all charged.

The inference of guilt, on the facts in evidence, was strained in a criminal proceeding, and in which the party prosecuting and the Judge were identical.

There is no warrant in the law for such a proceeding.

*Spain*, for appellant.

*McCall*, Solicitor, contra.

April 17, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The defendant was attached as for contempt, for "attempting to bias the opinion and influence the decision" of certain jurors "who were charged with the hearing and decision of the case of the State vs. S. J. Blackwell, for retailing intoxicating liquors without license, by offering and giving to them intoxicating liquor, in the town of Darlington, during the trial of said case." The rule to show cause appears to have been made without affidavits. This is a fatal objection. All parties charged, otherwise than by the oath of the grand jury, with offenses, other than contempts committed in the presence of the Court, are entitled to have the matters charged stated under oath, the penalties for false swearing being regarded as a safeguard to the liberties of the citizen.

There is, however, another objection that is substantial in its character. The matters against the defendant are made an offense by the General Statutes, (725, § 11,) with a prescribed penalty. There being a formal remedy in the case, summary proceedings to punish, as for contempt, were inappropriate. Certainly no one can be punished twice for the same offense; and if the defendant should suffer penalties imposed at the discretion of the Court, as for contempt, and subsequently be indicted, it would happen that either the summary proceeding must be a bar to the indictment or the defendant must suffer accumulated penalties. In either case the object of the statute would be defeated. It would be defeated in the one case in the respect that it intended to substitute a certain and formal remedy for one deficient in form and the requisite safeguards. It

would, in the other case, be defeated in the respect that it intended to subject the punishment imposed to a certain measure, while the punishment resulting from a judgment in contempt is not subject to such standard of measurement.

The cases in which attorneys have been stricken from the rolls for matters constituting in themselves an offense punishable by law stand on a different principle.

The attorney is stricken from the roll, in such cases, as a protection to the community against an untrustworthy officer of the Courts. The cases distinctly recognize this distinction, and the impropriety of imposing punishment, in proceedings of a summary character, where there is a formal remedy by indictment, as for an offense.—*Stephens* vs. *Hill*, 1 Mee. & W., 28; *State* vs. *Holding*, 1 McC., 379; Anon., 2 Halst., 162.

The judgment of the Circuit Court must be set aside and the rule to show cause discharged.

*McIver*, A. J., and *Haskell*, A. J., concurred.