[No. 9721. In Bank.—August 27, 1885.]

ALBERT HEDGES ET AL., PETITIONERS, *v.* SUPE-
RIOR COURT OF YUBA COUNTY, RESPONDENT.

CONTEMPT — SUFFICIENCY OF AFFIDAVIT — VIOLATION OF INJUNCTION AGAINST
CORPORATION — PROHIBITION.—An affidavit in contempt proceedings for the
violation of an injunction restraining a corporation, its officers, agents, super-
intendents, managers, servants, and employees, from the commission of certain
acts, did not state that the persons complained of were officers or servants of
the corporation; but it did state that they knew of the issuance, service, and
effect of the injunction, and violated it in contempt of the authority of the
court. *Held,* on an application for a writ prohibiting the respondent from
proceeding in the matter, that the affidavit was sufficient.

APPLICATION for a writ of prohibition. The facts are stated
in the opinion of the court.

*Cross & Simonds,* for petitioners.

The affidavit being defective in not stating that the petitioners
were officers of the corporation, the court had no jurisdiction over
the contempt proceedings. (*Batchelder* v. *Moore,* 42 Cal. 412.)

*E. A. Forbes, Stabler & Bayne, E. A. Davis,* and *I. S. Belcher,*
for Respondent.

The affidavit was sufficient, as it clearly shows that the peti-
tioners wilfully violated the injunction with full knowledge that
their act had been enjoined. (*Golden Gate Con. M. Co.* v.
*Superior Court,* 65 Cal. 187.)

MYRICK J.— Application for a writ prohibiting the respond-
ent from proceeding in the matter of an alleged contempt
committed by the petitioners. An injunction had been issued
and served restraining a corporation, its officers, agents, super-
intendents, managers, servants, and employees from the com-
mission of certain acts. The affidavit on which the contempt
proceedings were based did not in terms state that the petitioners
herein were officers, agents, superintendents, managers, servants
or employees of the corporation; but it did state that they had
full knowledge of the issuance, service, and effect of the injunc-
tion, that they worked the mine of the corporation, and that
they did the acts complained of in violation of the injunction

and in contempt of the authority of the court issuing it. We cannot presume, for the purposes of issuing the writ prayed for, that the petitioners went upon the ground of the corporation without its authority and committed a trespass, and worked its mine "with a high hand;" but, rather that they went in and worked the mine with the consent and approbation of the owner; that their operations were permitted if not approved and authorized. Tested by the rules of law as to a writ of prohibition, we think the affidavit sufficient.

Writ denied.

MORRISON, C. J., McKEE, J., and McKINSTRY, J., concurred.