## THE STATE OF KANSAS v. H. VINCENT.

1. CONSTRUCTIVE CONTEMPT—*Order of Arrest—Error.* It is error to issue an attachment, warrant or order of arrest for a constructive contempt, without an affidavit or information containing a statement of the facts constituting the alleged contempt having first been filed in the court whence the process issues.

2. ———— *Sufficient Answer.* The answer in this case examined, and *held*, that under the circumstances of this case the defendant should have been discharged on his answer.

*Appeal from Cowley District Court.*

THE case is stated in the opinion.

*Peckham & Henderson,* for appellant.

*J. N. Ives,* attorney general, and *C. T. Atkinson,* county
attorney, for The State.

Opinion by STRANG, C.: This is an action for contempt,
growing out of the same publication that was alleged to con-
stitute contempt in the case of *The State v. Henthorn,* just de-
cided. In this case, as in that, the defendant was arrested
and brought into court on a warrant or order issued by the
district court of Cowley county, without any affidavit or in-
formation of any kind, containing a statement of the facts
constituting the alleged contempt, having first been filed in
said court. This case must therefore be reversed upon the
strength of that case. It is also the opinion of this court
that this defendant should have been held to have purged
himself by his answer, and been discharged. His answer,
which was verified by his oath, showed that J. W. Henthorn
was the sole editor of the Winfield *Telegram,* the paper in
which the article constituting the alleged contempt was pub-
lished at the time of its publication, and that this defendant
had nothing to do with the publication of the article com-
plained of, and had no knowledge of said article or its publi-
cation until the order of arrest in this case, which contained
a copy thereof, was served on him. There was no evidence
before the court tending to show that such answer was not
true. On the other hand, the verified answer of J. W. Hen-
thorn, who was arrested at the same time with this defendant,
and on the same process, also stated that Henthorn was the
sole editor of the paper in which the article complained of
appeared, and that he was solely responsible for its publica-
tion. Under these circumstances, we think this defendant
should have been discharged.

"In this instance, Gilbert Murdock has, in the *most* com-
plete, positive manner, denied all the charges made against
himself, and the other two persons, who stand accused, sus-
tain his answer by their assertion that they did not act as his

agents, or with his knowledge ; hence, it is clear that he must be discharged, with his costs." (*Murdock's Case*, 2 Bland, [Md.] 487.)

It is recommended that the judgment of the district court be reversed, and defendant discharged, with costs.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* Upon the authority of the case of *The State v. H. Vincent*, just decided, which case is in all respects like this one—THE STATE OF KANSAS v. L. VINCENT, also from Cowley district court—the judgment of the district court will be reversed, and the defendant discharged, with costs.