*In the matter of the Petition of* BRUCE HARMER *for a Writ of Habeas Corpus.*

1. INTOXICATING LIQUORS — *Abatement of Nuisance.* The judge of the district court has no authority to make an order at chambers abating a place as a nuisance where intoxicating liquors are alleged to have been sold in violation of law, and forever enjoining the owner, lessee or keeper from maintaining such place.

2. CONSTRUCTIVE CONTEMPT — *Error.* It is error for a court or judge in any case to proceed against a person for a constructive contempt, without an affidavit or information in writing, containing a statement of facts constituting the contempt charged, being first filed in court or submitted to the judge.

*Original Proceeding in Habeas Corpus.*

THE opinion, filed November 7, 1891, states the facts.

*F. H. Foster,* for petitioner.

*T. J. Beebe,* county attorney, for respondent.

Opinion by GREEN, C.: The petitioner, Bruce Harmer, alleges that he is restrained of his liberty and unlawfully imprisoned by the sheriff of Harper county, under an order of commitment for contempt of court for violating an injunction order issued by the judge of the district court of said county. It appears from the petition for the writ that the county attorney filed an information in the district court of Harper county against J. H. Seifert and others, charging them with keeping and maintaining a common nuisance in Harper City; that no warrant was issued for the arrest of the petitioner. On the 10th day of June, 1891, the information so filed was presented to the district judge of the county, who, without further evidence, made the following order:

"In the district court of Harper county, Kansas.— The State of Kansas, plaintiff, *v.* J. H. Seifert, Bruce Harmer, *et al.,* defendants.— Order.— And now, on this 10th day of June, 1891, this cause coming on for hearing upon the application of T. J. Beebe, county attorney of said county, and it appear-

ing from the evidence that a common nuisance is being and has been maintained on the following-described premises, to wit, the rooms of the old Rothwell real-estate building, situated upon the south half of lot 12, block 21, Harper City, Harper county, Kansas, by the unlawful keeping and selling and keeping for sale intoxicating liquors in and upon said described premises contrary to law, it is therefore ordered and adjudged by the court, that the sheriff of Harper county abate said nuisance kept and maintained upon said premises, and that the owner, lessee and keeper of said above-described building and place be forever enjoined from keeping and maintaining said nuisance in and upon said above-described premises."

On the 29th day of August, 1891, the petitioner was brought before the district judge and informed that he was charged with violating the above order, when the further hearing of the proceeding was postponed until the 31st of August, at which time he appeared, when certain affidavits were read showing that beer had been sold by the petitioner, on the premises described in this order. Evidence was given by the sheriff that he had never served any order on the petitioner, or otherwise notified him of the order made by the judge. Upon this showing, the judge found the petitioner guilty of contempt of court for violating the above order, and ordered him committed to the jail of Harper county for 30 days and to pay a fine of $100.

The order of the district judge declaring certain premises to be a common nuisance, and that the same should be abated by the sheriff, was void. The statute nowhere gives the district judge authority to make such an order. Section 2533 of the General Statutes of 1889 declares all places where intoxicating liquors are sold in violation of law to be common nuisances; and upon the judgment of a court having jurisdiction finding such places to be a nuisance, the sheriff or other officers named shall be directed to shut up and abate such places. The petitioner had no notice served upon him of any order made by the district judge, and could not therefore have been guilty of any contempt.

Another reason might be assigned why the proceedings

against the petitioner for contempt were void. The alleged violation of the order was not in the presence of the judge or the court, and therefore, if such order had been authorized, it could only be characterized as constructive contempt, and the judge or court would have no authority to proceed against him without an affidavit or information, containing a statement of the facts constituting the alleged contempt, being first submitted to him or filed in court. (*The State v. Henthorn*, 46 Kas. 613; same case, 26 Pac. Rep. 937.)

The petitioner should be discharged.

By the Court: It is so ordered.

All the Justices concurring.