*In the matter of the Petition of* JAMES M. NICKELL *for a Writ of Habeas Corpus.*

1. CONTEMPT OF COURT—*Procedure—Privilege of Accused.* Where proceedings for contempt of court are instituted against a party, whereby he is charged with inducing witnesses to absent themselves from court and otherwise avoid the process of the court, it is error for the state to place the accused upon the witness stand to prove the contempt charged. The offense being made a crime by statute, the accused cannot be compelled to give evidence which might criminate himself.

2. CASE, *Followed.* The rule to show cause why a party should not be punished for a constructive contempt of court should be based upon a verified complaint or information. (*The State v. Henthorn,* 46 Kas. 613, followed.)

*Original Proceeding in Habeas Corpus.*

THE material facts are stated in the opinion herein, filed February 6, 1892.

*C. W. Fairchild,* and *S. S. Ashbaugh,* for petitioner.

Opinion by GREEN, C.: The petitioner, James M. Nickell, alleges that he is illegally restrained of his liberty by the sheriff of Kingman county, because he refused to answer certain questions propounded to him against his will and over his objections, in a certain case pending in the district court of Kingman county, wherein the state was plaintiff and he was defendant, on the 28th day of December, 1891. The material facts are, that on the 26th day of December, 1891, there was pending in the district court of Kingman county a criminal action against the petitioner for selling liquor. The district judge issued an order which recited that there was reasonable ground for believing that the petitioner had, by bribery, menace, false pretensions, coaxing, threatening, and offering to pay for time lost, etc., induced and compelled and caused certain witnesses to absent themselves from court, and disobey a subpœna issued in the case of The State *v.* James M.

Nickell, who was charged with selling liquors; and being of the opinion that the conduct of the petitioner in inducing, compelling and causing witnesses to absent themselves from court was calculated to embarrass and obstruct the administration of justice, and was a contempt of court, ordered the petitioner to answer the charge and show cause why he should not be punished for contempt of court. On the 28th of December, 1891, the petitioner asked for a reasonable time in which to plead to the complaint, which request was overruled. He then objected to being tried under the complaint, and asked to be tried under the statutes, by information, and also asked for a jury. This request was refused by the court. The petitioner, over his objection, was then sworn as a witness, and placed upon the stand to testify on behalf of the state. He refused to answer the questions submitted to him by the state. The court then ordered him committed to the jail of Kingman county until he should answer such questions as had been propounded to him by the state. On the same day that the petitioner was committed, he made application to the probate judge of Kingman county for a writ of *habeas corpus*, which was granted, and a hearing was fixed for the 6th day of January, 1892, and the petitioner was ordered to give a bond for his appearance, which was furnished and approved. On the 29th day of December the district court ordered a warrant to issue for the arrest of the petitioner, under which he was taken and imprisoned in the county jail. This warrant was issued for the same cause for which the petitioner was originally committed. The petitioner then made application to this court for a writ of *habeas corpus*, which was granted on the 30th day of December, 1891.

The petitioner claims the right to be discharged and released from the order of commitment and warrant of the district court, on the ground that he was charged with a statutory crime; that § 155 of the crimes-and-punishments act makes it a misdemeanor for any person, by bribery, menace, or other means, to induce any witness to absent himself, or avoid a subpœna, or withhold his evidence, or deter any witness from appearing in

.and giving evidence in any civil or criminal case; that he was compelled to go upon the witness stand for the purpose of giving evidence against himself; and, had he answered the questions propounded to him, such answers might have had a tendency to criminate him. The protection given by the constitution of the United States to all persons charged with crime is in the following language: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled, in any criminal case, to be a witness against himself." The right given under our own constitution reads, "No person shall be a witness against himself, or be twice put in jeopardy for the same offense." It is not only a constitutional right, but it is one of the fundamental principles of the common law, embodied in a maxim, that no man can be compelled to criminate himself. This right has become so much a part of government, in the administration of justice, that it has become as trite as it is true. The sole question for our determination is, whether the well-settled principle is applicable to the case before us. The petitioner is charged with a contempt of court; but the offense with which he is charged is not only a contempt of court but a statutory crime. Could the state, under such circumstances, compel the petitioner to go upon the witness stand and give evidence? This question must be resolved in favor of the petitioner. The supreme court of the United States, in the case of *Counselman v. Hitchcock,* United States marshal for the northern district of Illinois, recently decided and not yet officially reported, has held that, under the fifth amendment to the constitution of the United States, persons have the right to refuse to answer questions which might be used against them in criminal cases; and that this right must be construed in its broadest sense. The court in its opinion, rendered by Mr. Justice Blatchford, says in substance:

"That it does not find it necessary to consider any other point than that raised under the constitution as to the privileges of witnesses. It is urged, says the court, that a witness is not entitled to plead the privilege of silence except in a

criminal case against himself, but such is not the language of the constitution. Its provision is that no person shall be compelled in any criminal case to be a witness against himself. This provision must have a broad construction in favor of the right which it was intended to secure. The matter under investigation by the grand jury was a criminal matter, and the reason given by Counselman for his refusal was, his answer might tend to criminate him. His apprehension was that the answers might show that he had committed a crime against the interstate commerce act, for which he might be prosecuted. His answers, therefore, would be testimony against himself, and he would not be compelled to give them in a criminal case. It is impossible that the meaning of the constitutional provision could only be that a person should not be compelled to be a witness in a criminal prosecution against himself. The object was to insure that a person should not be compelled, when acting as a witness in an investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard."

The case of the petitioner is stronger than the Counselman case. Here the petitioner is charged with a crime, and the state was seeking to condemn and convict him out of his own mouth. Besides, the language of our constitution, if anything, is stronger than the fifth amendment to the constitution of the United States. Both by the letter and spirit of § 10 of the bill of rights, no person shall be a witness against himself. It does not even limit the right to criminal cases. We think the case of the petitioner comes clearly within the rule and right given by the fifth amendment to the constitution of the United States and the recent decision of the supreme court referred to, as well as § 10 of the bill of rights of our own constitution.

Another fatal objection which might be urged against the proceedings is, that the alleged contempt was not charged to have been committed in the presence of the court, and there was no written complaint properly verified, containing a statement of the facts constituting the offense, filed with the court. This has been held to be necessary in all cases of constructive

47 — 47 KAS.

contempt. (See *The State v. Henthorn,* 46 Kas. 613, and *The State v. Vincent,* 46 id. 618.) There was a paper signed by the judge called a complaint, but it was in fact an order for the petitioner to show cause why he should not be punished for contempt, and it was not verified. If it be true, as counsel for the state has intimated — and there seems to be some ground for the charge — that there has been a disposition to obstruct the administration of justice and disregard the court's processes to secure the attendance of witnesses in the original case of which the present proceeding is an outgrowth, the prosecuting officer should see to it that the parties, whoever they may be, should be dealt with, and that condign punishment be administered to all persons who may be guilty of so grave an offense as interfering with the orders and processes of the court, or obstructing the administration of justice through the courts of the land. The remedy is plain and simple. Where parties have committed a crime of the nature charged in this case, the court can direct the county attorney to proceed against the parties as charged, or the county attorney can, upon his motion, proceed against them; and if the offense is as grave as claimed here, it is his duty to do so.

It is recommended that the petitioner be discharged.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The same questions are presented in IN RE EDWARD McKENNA as in the petition of James M. Nickell for a writ of *habeas corpus,* just decided, and the petitioner is discharged, upon the authority of that case.