HILLMON v. MUTUAL LIFE INS. CO. SAME v. NEW YORK LIFE INS. CO. SAME v. CONNECTICUT MUT. LIFE INS. CO.

(Circuit Court, Kansas, First Division. April 12, 1897.)

Nos. 3,147, 3,148, 3,149.

CONTEMPT—OBSTRUCTION OF JUSTICE.

The writing of a letter by a state superintendent of insurance to each of several insurance companies, refusing to issue a license to do business on the ground that the company had not acted fairly in refusing to pay a certain death loss, and in the litigation of same then pending in a federal court, cannot be summarily punished by that court as contempt, not being done in the presence of the court, or so near thereto as to obstruct the administration of justice.

The three insurance companies, defendants in the cases of Sallie E. Hillmon, plaintiff, pending in this court, have filed a complaint:

That Webb McNall, the superintendent of insurance of the state of Kansas, is guilty of contempt of this court, in this: That he is unlawfully impeding and obstructing, and endeavoring to impede and obstruct, the due administration of justice in the trial of said actions; that said McNall, as superintendent of insurance, did on or about the 3d day of March, 1897, send to each of said insurance companies a letter containing the following statement: "I am satisfied that your company has not dealt fairly with the plaintiff, Mrs. Sallie E. Hillmon, in refusing to pay the death loss, and in the litigation of the same, pertaining to her deceased husband. Hence this department refuses to issue * * * a license to do business in this state for the ensuing year." The defendants further allege: That the arbitrary action of said superintendent of insurance is intended to operate as a pressure upon them to compel them to forego their rights as suitors in this court; to prevent them from litigating the claims which they have been defending for nearly 17 years; will operate to drive them out from the protection of this court, and compel them to pay an unlawful claim, based on murder. That the action of said McNall was done knowingly and willfully for the purpose of vexing, injuring, and harassing petitioners; for the purpose, object, and intent of throwing every obstacle possible in the way of their defense; of intimidating and driving them out of this court; of obstructing and impeding them in the assertion of their rights to a trial by jury, and to a fair hearing; to compel them, by threats and force, to abandon

their defense; and to make them pay the said Hillmon claims without regard to their merits. That said action of said McNall was procured to be done by and through, and at the special instance and request of, the attorneys for said Sallie E. Hillmon. That the acts done and performed by said McNall at the request of said attorneys obstruct and impede the administration of justice in this court, place petitioners under great and overwhelming duress, and are an attempt on the part of said plaintiff and her attorneys to compel petitioners to pay a false, fraudulent, and fictitious claim; to compel them to surrender the right to defend their interest, and to protect their policy holders in the courts of justice. Upon this petition an order to show cause was issued and served upon said Webb McNall. Thereupon he entered a special appearance, and challenges the jurisdiction of the court to proceed summarily against him for contempt under the allegations of said petition, and moves the court to dismiss the proceedings and discharge and vacate the order to show cause heretofore issued.

Geo. J. Barker, J. W. Green, E. F. Ware, and W. R. Smith, for petitioners.

L. C. Boyle and David Martin, for respondent.

FOSTER, District Judge (after stating the facts). This special appearance and plea of respondent practically admits the truth of the allegations in the petition, and the question presented for determination is whether such facts make a case for summary proceedings against the respondent for contempt of this court. There are two sections of the Revised Statutes which have a bearing upon the question at issue. The first is section 725, which reads as follows:

"Sec. 725. The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree or command of the said courts."

Section 5399 of the crimes act reads as follows:

"Sec. 5399. Every person who corruptly, or by threats or force, endeavors to influence, intimidate, or impede any witness, or officer in any court of the United States, in the discharge of his duty, or corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede the due administration of justice therein, shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three months or both."

That the power of the courts to punish summarily for contempt is limited to misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, is apparent from the terms of section 725, and the various decisions made thereunder. Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699; Ex parte Robinson, 19 Wall. 505; State v. Frew, 49 Am. Rep. 264; Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77; Cooley, Torts, 424; Kirk v. Manufacturing Co., 26 Fed. 501–509; Myers v. State, 46 Ohio St. 473, 22 N. E. 43; Ex parte Buskirk, 18 C. C. A. 410, 72 Fed. 14. And this rule applies when the act comes under either section of the statute. The act of the respondent in refusing to allow the defendant insurance companies to continue doing business in the

state for the reasons given in his letter cannot be justified on any principle of law or justice, or on any discretionary power vested in him as superintendent of insurance. The insurance companies, in defending these suits of Mrs. Hillmon, are doing what the law permits them to do; and it is for the court having jurisdiction to determine whether they have "dealt fairly with the plaintiff, Mrs. Sallie E. Hillmon, in refusing to pay the death loss, and in the litigation of the same, pertaining to her deceased husband." Indeed, that is the very issue to be tried by the court, and it is an unwarranted assumption of authority for respondent to arrogate to himself the summary determination of these questions; and any attempt, by threats or intimidation or duress, on the part of the respondent, to coerce or deter the companies from making their defense in court, tends to obstruct and impede the due administration of justice, and is a proper matter to be presented to the grand jury. It would, however, be a strained construction to hold that the act was done in the presence of the court, or so near thereto as to obstruct the administration of justice. 131 U. S. 267, 9 Sup. Ct. 699; 19 Wall. 505; In re Brule, 71 Fed. 946; Sharon v. Hill, 24 Fed. 726. The order to show cause must be dismissed.