Saunderson *et al.* *v.* The State.

---

SAUNDERSON ET AL. *v.* THE STATE.

[No. 18,713.   Filed December 13, 1898.]

CONTEMPT.—*Indirect Contempt.*—*Practice.*—The proper procedure for bringing before the court persons charged with indirect contempt is by order of court based upon the affidavit and information of some officer of the court or other responsible person, as provided by section 1024, Burns' R. S. 1894, and not by grand jury indictment or a simple information by the prosecuting attorney.

From the Benton Circuit Court.   *Reversed.*

*Byron K. Elliott* and *William F. Elliott*, for appellants.

*W. A. Ketcham*, Attorney-General, and *A. E. Chizum*, for State.

HOWARD, J.—The appellants, who are attorneys of the bar of the Benton Circuit Court, were fined for an

Saunderson *et al. v.* The State.

alleged indirect contempt of court, in having adopted, at a bar meeting held for that purpose, certain resolutions in relation to the procedure and practice in said court, and in causing such resolutions to be published by sending copies thereof to certain attorneys in other counties of the 30th judicial circuit, of which circuit Benton county forms a part. The proper procedure for bringing before the court persons charged with indirect contempt is found set out in section 1024, Burns' R. S. 1894 (1012, Horner's R. S. 1897), as follows: "In all cases of indirect contempt, the person charged therewith shall be entitled, before answering thereto or being punished therefor, to have served upon him a rule of the court against which the alleged contempt may be committed; which said rule shall clearly and distinctly set forth the facts which are alleged to constitute such contempt, and shall specify the time and place of such facts with such reasonable certainty as to inform the defendant of the nature and circumstances of the charge against him, and shall specify a time and place at which he is required to show cause, in said court, why he should not be attached and punished for such contempt, which time the court shall, on proper showing, extend so as to give the defendant a reasonable and just opportunity to purge himself of such contempt. No such rule, as hereinbefore provided for, shall ever issue until the facts alleged therein to constitute such contempt shall have been brought to the knowledge of the court by an information duly verified by the oath or affirmation of some officers of the court or other responsible person."

The record does not show that any of the steps thus provided for in the statute were taken in the case before us. There was laid before the court no sworn statement of the facts alleged to constitute

the contempt. Neither was there served upon the appellants any rule to show cause, "which said rule," as required by the statute, "shall clearly and distinctly set forth the facts which are alleged to constitute such contempt." See *Stewart* v. *State*, 140 Ind. 7. It is true that there is set out in the record what purports to be an indictment, presentment or report of the grand jury,—it is not clear which,—stating certain facts as to the alleged contempt. This document is signed by the prosecuting attorney, but not sworn to by him, nor based upon any affidavit by any one else; neither is it "indorsed by the foreman of the grand jury 'A true bill,' " as required by section 1738, Burns' R. S. 1894 (1669, Horner's R. S. 1897).

There was a motion by each of the appellants to quash the so called indictment, which several motions were overruled. In *Strange* v. *State*, 110 Ind. 354, it was held that "an indictment, not indorsed by the foreman of the grand jury as required by the statute, is bad for want of such indorsement, on a motion to quash." And in *State* v. *Buntin*, 123 Ind. 124, it was held that even the signature of the foreman, without the words "A true bill" is not enough to save an indictment on a motion to quash. The action so taken by the grand jury—if, indeed, any such action is shown—was an attempt to present the appellants for an indirect contempt of court; but out statute makes no provision for any such duty or power on the part of the grand jury. On the contrary, all the steps to be taken in proceedings for contempt of court, whether direct or indirect, are otherwise provided for. Sections 1017-1026, Burns' R. S. 1894 (1005-1014, Horner's R. S. 1897). It is recognized in these sections of the statute that contempt proceedings are of a summary nature and immediately concern the court itself. A direct contempt is one committed in the presence of the

court, while the facts in relation to an indirect contempt are brought before the court by affidavit. There is no place in either case for any action of the grand jury. Even, therefore, if the proceedings here taken before the grand jury were properly authenticated by its foreman, and not simply by the signature of the prosecuting attorney, they would still not be a compliance with the statute. Neither would a simple information by the prosecuting attorney, or any other officer, under his oath of office, be sufficient. The requirement of the statute is explicit,—that the facts be brought before the court "by an information duly verified by the oath or affirmation of some officers of the court or other responsible person." It was therefore error to overrule the motions to quash the indictment. The judgment is reversed, with instructions to sustain the several motions of the appellants to quash the indictment or report of the grand jury.