# CHARLESTON.

## STATE v. DAVIS et al.

Submitted June 6, 1901.    Decided November 16, 1901.

CONTEMPT—*Trial—Evidence—Reasonable Doubt.*

> On trial of persons charged with contempt in disobeying an injunction, the evidence must be sufficient to establish guilt beyond a reasonable doubt; otherwise the rule should be discharged.    (p. 100).

Error to Circuit Court, Pleasants County.

Miles Davis and others were found guilty of contempt, and bring error.

*Reversed.*

HOWARD & HANDLAN, for plaintiff in error.

R. H. FREER, ATTY. GEN., and ALEX DULIN, for the State.

DENT, JUDGE:

Miles Davis, J. J. Mahoney and Harry Cheeny complain of the judgment of the circuit court of Pleasants County rendered on the 21st day of December, 1899, adjudging them guilty of contempt of such court in violating an injunction thereof prohibiting them from selling intoxicating liquors at a certain house in St. Marys and sentencing them to six months' imprisonment therefor.

The defendants insist that the evidence is wholly insufficient to justify the finding of the court.    A careful examination of the evidence, which is too voluminous to set out at length, fully sustains their contention.    It proves sales made before, but none made by them or for which they were responsible after the injunction was served.    There are some suspicious circumstances sufficient to raise a reasonable doubt as to their entire innocence, but wholly insufficient to overcome the presumption in their favor, and establish their guilt beyond all reasonable doubt.    It is shown that some persons unknown, did make sales of intoxicants after the service of the injunction at the inhibited place, but the evidence wholly fails to connect such persons in any manner with these defendants.    It is also shown that J. J. Ma-

honey confessed before the mayor of St. Marys on the 21st day of November, 1899, the day after the injunction was served on him to ten illegal sales and was fined therefor, but this undoubtedly according to the testimony of the mayor was for sales made prior to that date, and before service of the injunction.

The circuit court evidently failed to give the defendants the benefit of the legal presumption in their favor, and hence he reached an erroneous conclusion. *State* v. *Ralphsnyder,* 34 W. Va. 352; *State* v. *Cunningham,* 33 W. Va. 607.

My associates concur in the reversal of this case and the discharge of the rule not because of the insufficiency of the evidence but because the rule does not set out with sufficient certainty in what respect or manner defendants had violated the injunction so as to render themselves liable to the charge of contempt and this is such error as calls for reversal by this Court although this question is raised here for the first time. *Old* v. *Commonwealth,* 8 Grat. 915.

The judgment is reversed and the rule discharged.

*Reversed.*